■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KONSTANTIN RUDENKO, Appellant. [663 NYS2d 122] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered September 22, 1995, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's *pro se* application to withdraw his plea of guilty (*see,* CPL 220.60 [3]). The defendant knowingly and voluntarily pleaded guilty in the presence of competent counsel after the court had advised him of the consequences of his plea during the plea allocution. The defendant's bare assertion that he had not agreed to a term of incarceration upon his failure to meet the negotiated plea condition was flatly refuted by the record of the plea proceeding and does not warrant vacatur of the plea (*see, People v Hernandez,* 236 AD2d 557; *People v Sider,* 232 AD2d 666). Since this and the other bases of the defendant's application to withdraw his plea were facially without merit, no formal evidentiary hearing was necessary (*see, People v Billings,* 208 AD2d 941; *People v Morris,* 118 AD2d 595).

The defendant contends that it was error for the court to impose sentence without first ordering an update of the presentence report prepared in connection with defendant's unrelated burglary offense. Given the one-month period of time between the imposition of sentence on the unrelated crime and this crime, and the defendant's continuous incarceration during that period of time, we find that the court providently exercised its discretion in sentencing the defendant without a formal, updated presentence report (*see, People v Kuey,* 83 NY2d 278; *People v Roberts,* 214 AD2d 592).

The defendant's remaining contention is without merit. Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.