■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JALONE DAVIS, Appellant. [668 NYS2d 289] —Spain, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered January 16, 1997, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

After pleading guilty to the crime of attempted burglary in the second degree in satisfaction of an indictment which charged him with burglary in the first degree, but before sentencing, defendant wrote a letter to County Court indicating his desire to withdraw the plea. In the letter, defendant recited his dissatisfaction with his assigned counsel as well as his innocence regarding the assault of the burglary victim.

At the sentencing hearing, when asked if there were any legal causes why sentence should not be imposed, defense counsel answered that defendant wanted to withdraw his plea but that, in counsel's opinion, the plea had been knowing. Thereafter, defendant personally stated that he wanted to withdraw his plea because, at the time when he had entered it he had been attempting to obtain private representation due to

his dissatisfaction with assigned counsel. Defense counsel then averred that, prior to the plea, he had made inquiries and determined that defendant had not retained counsel. Subsequently, County Court denied defendant's motion and sentenced him to a determinate sentence of five years' imprisonment.

We reject defendant's argument that County Court should have assigned another attorney to handle his motion to withdraw his plea. Generally, a guilty plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake in its inducement (*see, People v Cance*, 155 AD2d 764; *People v Benoit*, 142 AD2d 794, *lv denied* 72 NY2d 915; *People v Cooke*, 61 AD2d 1060, 1061). Initially, defendant's claim of innocence regarding the assault of the burglary victim is irrelevant insofar as it was expressly noted during the plea allocution that a codefendant had assaulted the victim. Furthermore, regarding defendant's apparent conclusory argument of implicit coercion (*see, People v Bernard*, 207 AD2d 927, *lv denied* 84 NY2d 1009; *People v Hayes*, 194 AD2d 998), review of the plea allocution indicates that defendant stated that no one had coerced him to enter the plea and that he was satisfied with assigned counsel's representation. In light of the above, and due to the insufficiency of defendant's claim (*see, People v Friedman*, 39 NY2d 463, 467; *People v Sutton*, 39 AD2d 820), we find no error in County Court's failure to appoint another counsel or to conduct an evidentiary hearing regarding defendant's motion (*see, People v Ross*, 182 AD2d 1022, 1024, *lv dismissed* 80 NY2d 934). Finally, even assuming that defendant did not waive his right to appeal the sentence imposed, it was neither harsh nor excessive in view of his extensive juvenile and adult criminal record as well as the fact that he had agreed to such sentence as part of the plea (*see, People v Clark*, 240 AD2d 781; *People v Mabeus*, 213 AD2d 949; *People v Simmons*, 209 AD2d 797, *lv denied* 85 NY2d 914).

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.