(April 15, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK H. TYLER, Appellant. [690 NYS2d 136] —Graffeo, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered June 2, 1997, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

After executing a waiver of indictment and consent to prose-

cution by superior court information, defendant pleaded guilty to the crime of rape in the first degree. He also waived his right to appeal. At sentencing, defendant's request to withdraw his guilty plea was denied and he was sentenced in accordance with the plea bargain to 4 to 12 years' imprisonment.

Initially, the record demonstrates that defendant's waiver of his right to appeal was knowingly and voluntarily made. Although the waiver does not preclude judicial review of his claims to the extent that they impact on the voluntariness of his plea (*see, People v Conyers*, 227 AD2d 793, *lv denied* 88 NY2d 982), it does preclude review of his claim regarding the factual sufficiency of the plea allocution (*see, People v Wilmer*, 191 AD2d 850, *lv denied* 81 NY2d 1022; *see also, People v Dewer*, 243 AD2d 984, *lv denied* 91 NY2d 925). In any event, there is no merit to defendant's claim.

During the plea allocution, defendant, who was represented by counsel, acknowledged his desire to plead guilty to the charge contained in the information as part of a negotiated plea bargain. County Court advised defendant of his rights and defendant acknowledged his understanding of those rights that he would forfeit by his plea. Defendant recognized that his plea had to be voluntary and he denied being on any drug or medication or suffering any illness which would impair his comprehension. Contrary to defendant's claim, he was not required to recite all of the elements of the underlying crime nor was County Court required to elicit defendant's version of the events (*see, People v Stonis*, 246 AD2d 911, 912, *lv denied* 92 NY2d 883). We further reject defendant's argument that his admission to having "[f]orced sex" or "[f]orced sexual intercourse with a female person", instead of stating that he had sexual intercourse with a female by forcible compulsion, negates the propriety of his plea (*cf., People v Mann*, 258 AD2d 738).

Defendant's contention that County Court erred in denying his motion to withdraw his plea is also without merit. The question of whether to grant such a motion rests in the discretion of the trial court and, generally, a plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake (*see, People v Davis*, 250 AD2d 939). Here, after sentence was imposed, defendant requested that he be permitted to change his plea because he wanted "to take this to trial". Inasmuch as defendant was clearly advised during the allocution that his plea would result in the forfeiture of his right to trial, County Court did not abuse its discretion in denying defendant's request to withdraw his plea.

Finally, defendant asserts that he was denied the meaningful assistance of counsel. To the extent that defendant's waiver of his right to appeal precludes review of his contention, except regarding the voluntariness of his plea (*see*, *People v Marziale*, 182 AD2d 1035, 1036, *lv denied* 80 NY2d 835), we find no support in the record for defendant's claim that his attorney compelled him to execute the waiver of the right to appeal. Defendant voiced no displeasure with his attorney's representation and the plea bargain negotiated by his attorney was clearly a favorable one, for it resulted in a sentence which was considerably less than the harshest possible sentence and it disposed of several pending or potential charges. The fact that defense counsel did not join in defendant's *pro se* request to withdraw his plea does not constitute ineffective assistance of counsel (*see*, *People v Yell*, 250 AD2d 869, *lv denied* 92 NY2d 863). In these circumstances, defendant was afforded meaningful representation (*see*, *People v Ford*, 86 NY2d 397, 404), and there is nothing in the record to demonstrate that defendant's plea was rendered involuntary by defense counsel's conduct (*see*, *People v Davis, supra*).

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.