■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAJUAN JORDAN, Appellant. [698 NYS2d 915] —Yesawich Jr., J. Appeals (1) from a judgment of the County Court of Schenectady County (Eidens, J.), rendered May 26, 1998, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered January 15, 1999, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and set aside the sentence, without a hearing.

Defendant was charged in a six-count indictment with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and seventh degrees, all arising out of his alleged involvement in a drug transaction. Defendant's counsel, the Public Defend-

er's office, negotiated a plea agreement whereby defendant, in satisfaction of the entire indictment, would plead guilty to one count of attempted criminal sale of a controlled substance in the third degree and waive his right to appeal; in exchange, defendant would be sentenced, as a second felony offender, to 3½ to 7 years in prison. Prior to sentencing, and after expressing dissatisfaction with his representation, defendant was assigned new counsel and afforded an adjournment to submit a motion, subsequently denied, to withdraw his guilty plea.

At sentencing, County Count departed from the original plea agreement and imposed instead an indeterminate term of imprisonment of 5 to 10 years, doing so because defendant had breached the agreement by challenging the validity of his prior conviction which served as the basis for his status as a second felony offender. Defendant appeals from both the judgment of conviction and the denial of his motion to vacate the judgment made pursuant to CPL 440.10 and 440.20.

We reject defendant's claim that the representation furnished him by both the Public Defender and subsequently assigned counsel was less than effective. The record reveals that defense counsel participated in disclosure, negotiated a favorable plea bargain, communicated with defendant about his case and, further—at defendant's urging—moved to withdraw his plea and also made a postsentencing motion to vacate the plea. In short, the record is replete with evidence evincing that defendant received meaningful legal representation (*see*, *People v Baldi*, 54 NY2d 137, 147).

That County Court did not abuse its discretion when it denied defendant's application to withdraw his guilty plea is borne out by the fact that, before entering the plea, defendant was fully informed of his rights, assured County Court that his plea was not the product of coercion and that he was not under the influence of alcohol or medication, and unequivocally admitted committing the acts comprising the crime. As County Court's inquiry of defendant was sufficiently searching to ensure that defendant was aware of his rights and that he knowingly and voluntarily waived them, the court cannot be faulted for denying defendant's request (*see*, *People v Gibson*, 261 AD2d 710, 711; *People v Tyler*, 260 AD2d 796, 798, *lv denied* 93 NY2d 980). And as the record amply supports County Court's conclusion that defendant breached the plea agreement by spuriously claiming that his prior felony conviction was constitutionally infirm, the court was not obliged to abide by the terms of the original plea agreement.

Cardona, P. J., Mikoll, Crew III and Mugglin, JJ., concur. Ordered that the judgment and order are affirmed.