■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER GARCIA, Appellant. [699 NYS2d 765] —Yesawich Jr., J. Appeal from a judgment of the County Court of Chenango County (Dowd, J.), rendered October 19, 1998, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In a seven-count indictment, defendant was charged with various degrees of criminal possession of a controlled substance and conspiracy based on his alleged participation in a scheme to sell cocaine from a motel room in the Town of Norwich, Chenango County. In satisfaction of all charges, defendant entered a plea of guilty to the second count of the indictment, which charged criminal possession of a controlled substance in the third degree, upon the understanding that he would be sentenced to a prison term of 5 to 15 years. Prior to sentencing, defendant moved to withdraw his plea and, after a hearing, County Court denied the motion and sentenced defendant to the agreed-upon term. Defendant appeals.

During the plea allocution, defendant declared that his plea was voluntary, acknowledged his understanding of the rights he was waiving and admitted that while acting in concert with two codefendants, he knowingly, intentionally and unlawfully possessed cocaine with intent to sell it. Defendant thereafter explained that he did not actually sell any drugs, but when County Court began to question defendant about his guilt of the criminal possession charge, defense counsel requested and received time to speak with his client, after which defendant reaffirmed the truth of his prior acknowledgments and admissions and reiterated his guilty plea. At the subsequent hearing on his motion to withdraw his plea, defendant stated that he did not want to accept the plea bargain because "I don't feel I should get the same or more than the man who was really running the business". We find no error in County Court's acceptance of the plea and denial of the motion to withdraw the plea (*see, People v Murphy*, 243 AD2d 954, *lv denied* 91 NY2d 835).

Considering the record as a whole, including the advantageous plea bargain whereby defendant avoided a possible sentence of 8⅓ years to life in prison on the top count of the indictment, it is clear that defendant received meaningful representation (*see, People v Loomis*, 256 AD2d 808, *lv denied* 93 NY2d 854). And, as defense counsel effectively argued the motion to withdraw the plea (*see, People v Davis*, 250 AD2d 939, 941) County Court cannot be faulted for failing to appoint new counsel to pursue the motion (*see, People v Davis*, 246 AD2d 931, 932, *lv denied* 91 NY2d 1006). Lastly, given the advantageous plea bargain, whereby defendant was allowed to pleaded guilty to one count in satisfaction of a seven-count indictment and received less than the harshest sentence possible, there is no basis to disturb the sentence (*see, People v Evans*, 193 AD2d 960, 961).

Cardona, P. J., Mikoll, Crew III and Mugglin, JJ., concur. Ordered that the judgment is affirmed.