◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CARR, Appellant. [732 NYS2d 453] —Rose, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered July 24, 2000, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

We reject defendant's claim that County Court erred in denying his motion to withdraw his guilty plea. "Generally, a guilty plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake in its inducement * * *; the question of whether a defendant should be permitted to withdraw his plea rests in the discretion of the trial court and hearings are granted only in rare circumstances" (*People v Davis,* 250 AD2d 939, 940 [citations omitted]). "[O]ften a limited interrogation by the court will suffice" (*People v Tinsley,* 35 NY2d 926, 927). Thus, where the grounds for a defendant's motion to withdraw the plea are "facially without merit," no evidentiary hearing is necessary (*People v Rudenko,* 243 AD2d 588, *lv denied* 91 NY2d 879).

Our review of the plea allocution reveals that defendant entered a knowing and voluntary plea, with a full understanding of its consequences, he freely admitted his guilt of the crime and expressly stated that he was satisfied with the legal representation provided by counsel. In addition, defendant received an advantageous plea bargain and there is nothing in the record to cast doubt on the effectiveness of counsel.

In particular, defendant's claim that he was not given a more lenient plea offer because of his refusal to testify against a codefendant is insufficient, for "there is nothing coercive in leaving with the defendant the option to accept or reject a bargain if one is offered" (*People v Seaberg,* 74 NY2d 1, 8-9; *see, People v Anderson,* 270 AD2d 509, 510, *lv denied* 95 NY2d 792). Defendant's claim that he was under the influence of a narcotic when he confessed to the crime is also insufficient to vitiate the plea in light of County Court's express admonition during the allocution that defendant's right to a suppression hearing to determine the admissibility of the confession was one of the rights that he would forfeit by pleading guilty (*cf., People v Munck,* 278 AD2d 662, 663). Finally, the fact that defense counsel advised defendant to accept the plea offer to avoid the

possibility of a harsher sentence after trial does not constitute undue pressure or coercion (*see, People v Dashnaw*, 260 AD2d 658, 659, *lv denied* 93 NY2d 968).

Despite being afforded an ample opportunity to substantiate his request to withdraw the plea, defendant offered claims which were insufficient on their face and, therefore, we find no error in County Court's failure to appoint another counsel or to conduct an evidentiary hearing (*see, e.g., People v Davis*, 246 AD2d 931, 932, *lv denied* 91 NY2d 1006; *People v Hudson*, 237 AD2d 759, 760, *lv denied* 90 NY2d 1012).

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.