◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DE FABRITIS, Appellant. [745 NYS2d 235] —Rose, J. Appeal from a judgment of the County Court of Ulster County (Czajka, J.), rendered February 23, 2001, convicting defendant upon his plea of guilty of the crimes of criminal contempt in the first degree (three counts) and assault in the third degree.

In satisfaction of two separate indictments charging defendant with numerous crimes stemming from his repeated domestic abuse of his former girlfriend (hereinafter the victim) and violations of related orders of protection, he entered a counseled, "no promise" plea of guilty to three counts of criminal contempt in the first degree and one count of assault in the third degree. He subsequently sought to withdraw his plea and obtain new counsel, claiming that he was dissatisfied with his counsel, Arthur Kahn, who was the fourth attorney to represent him in the matter, and that he did not fully understand the proceedings. County Court appointed yet another attorney, who moved to withdraw the guilty plea contending, inter alia, that, due to defendant's emotional state, he was coerced into pleading guilty by Kahn's statement that if he proceeded to trial, he would be convicted and receive a much harsher prison sentence. County Court denied the motion without a hearing, and thereafter sentenced defendant to a combination of concurrent and consecutive prison terms aggregating two to six years. Defendant appeals and we affirm.

We perceive no merit in defendant's various challenges to County Court's denial, without a hearing, of the motion to withdraw his plea. The decision to permit withdrawal of a guilty plea is a matter within the trial court's sound discretion, and a hearing is required only where the record presents a genuine question of fact as to its voluntariness (*see, People v D'Adamo*, 281 AD2d 751, 752). Where the grounds adduced are

"facially without merit," no evidentiary hearing is required (*People v Rudenko*, 243 AD2d 588, 588, *lv denied* 91 NY2d 879; *see, People v Carr*, 288 AD2d 561, 561-562). We reject defendant's claim that a hearing was required here to explore how his emotional state may have affected the voluntariness of his plea. In reaction to Kahn's statement that the proceedings were "of a deeply emotional nature to [defendant]," County Court questioned defendant extensively during the plea colloquy regarding his mental condition. Defendant answered that while his emotional state—apparently angry and depressed—may have led to commission of the offenses charged, he understood the criminal proceedings, was aware of the consequences of his plea and did not claim to be not guilty by reason of mental disease or defect.

Also lacking in merit is defendant's argument that his assertion of innocence shortly after the plea allocution necessitated a hearing on his motion. Defendant's sworn statements during the plea colloquy reflect that he knowingly, voluntarily and candidly admitted committing the crimes. His subsequent protestation of innocence, unsupported by any evidence beyond his own affidavit, is insufficient to warrant a hearing on the issue (*see, People v Batcher*, 291 AD2d 581, 582; *People v Anderson [Anderson-Fialkow]*, 270 AD2d 509, 510, *lv denied* 95 NY2d 792, 793; *People v Gibson*, 261 AD2d 710, 711). Similarly unpersuasive is defendant's argument that a hearing was required to assess his claim that Kahn fraudulently induced his guilty plea by misrepresenting the possible prison sentences. Despite having the assistance of substitute counsel and an opportunity to substantiate this claim, defendant again produced no evidence other than his own conclusory and self-serving affidavit (*see, People v Carr, supra* at 562). Although defendant now proffers a supporting affidavit of another person, we note that it is not part of the record on appeal and was drafted approximately one year after his sentencing, despite the apparent availability of the affiant at the time the motion was made.

Defendant next contends that his plea was not voluntary or knowing because County Court's statement of the sentences that could be imposed was ambiguous. The record reflects that after initially rejecting a plea offer, defendant decided to plead guilty after Kahn informed him that the Trial Judge could not remember ever imposing consecutive sentences on a plea to a multicount indictment. During the plea colloquy, however, County Court told defendant that the court's sentencing history was not provided to induce a guilty plea, but solely to "the

extent you deem it's relevant." Most importantly, the court advised defendant that it was "not making any commitment or promises whatsoever" regarding sentencing, that the maximum terms of imprisonment were four years on each of the three contempt charges and one year on the assault charge, and that the court had not decided whether the sentences would be consecutive or concurrent. Defendant acknowledged this information unequivocally. Since the record demonstrates that County Court adequately advised defendant of the potential maximum sentences and that he thereafter entered a knowing, voluntary and intelligent plea, we find no abuse of the court's discretion in denying the motion without a hearing (*see, People v D'Adamo*, 293 AD2d 869, 872; *People v Bolden*, 289 AD2d 607, 608-609; *People v Carr, supra*; *People v Totman*, 269 AD2d 617, *lv denied* 95 NY2d 839).

Finally, defendant contends that County Court abused its discretion in imposing consecutive sentences. As this Court has previously recognized, " '[t]he imposition of the sentence rests within the. sound discretion of the trial court, and we should not interfere unless there has been a clear abuse of discretion or extraordinary circumstances' " (*People v King*, 293 AD2d 815, 817-818, quoting *People v Harris*, 57 AD2d 663, 663). County Court here sentenced defendant to concurrent prison terms of 1 to 3 years for two of the criminal contempt convictions, a concurrent one-year term for the assault conviction, and a consecutive term of 1 to 3 years for the third criminal contempt conviction. These sentences were appropriate considering defendant's history of stalking and abusing the victim, as well as violating orders of protection before and after the initial indictment. The record also reflects that County Court was prepared to make all terms concurrent until defendant showed his lack of remorse by attributing blame to the victim. In light of the nature of the crimes and defendant's refusal to take responsibility for his conduct, we find no error in the sentences imposed.

Mercure, J.P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.