(February 6, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. MCDONNELL, Appellant. [754 NYS2d 466] —Lahtinen, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered July 31, 1997, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

Defendant and a codefendant were indicted of the crimes of murder in the second degree and two counts of robbery in the first degree following an incident in which property was taken from the home of a 70-year-old man in the Town of Chenango, Broome County, and his throat was slit, eventually resulting in his death. The People entered into a cooperation agreement with the codefendant under which she agreed to plead guilty to robbery in the first degree in full satisfaction of the indictment as well as other potential charges, and be sentenced as a second violent felony offender to 11 years in prison, in exchange for her testimony against defendant and cooperation in future proceedings. Defendant entered into plea negotiations with the People during which he agreed to plead guilty to murder in the second degree in full satisfaction of the indictment, and be sentenced to a prison term of 25 years to life, in exchange for the People's agreement not to re-present the case to the grand jury to obtain an indictment charging murder in the first degree. Thereafter, defendant and the codefendant both entered guilty pleas and the codefendant gave a statement implicating defendant as the one who slit the victim's throat. Prior to sentencing, defendant made a motion to withdraw his plea. Following a hearing, County Court denied defendant's motion. He was sentenced in accordance with the plea agreement and now appeals.

Defendant asserts that he was coerced into entering his guilty plea because his attorney advised against going to trial and the People threatened to re-present the case to the grand jury if he did not accept the plea offer. The fact that these considerations led defendant to plead guilty does not, in our view, render the plea coerced. Rather, the minutes of the plea proceedings reveal that defendant was fully advised of the ramifications of pleading guilty and indicated to County Court that he fully understood them. He further stated that no other promises had been made to induce him to enter a plea and he was doing so voluntarily and of his own free will. Consequently,

we find that the plea was knowing, voluntary and intelligent (*see People v King*, 299 AD2d 661; *People v Bolden*, 289 AD2d 607, 609, *lv denied* 98 NY2d 649).

Defendant further contends that County Court improperly denied his motion to withdraw his plea because a letter from the codefendant recanting her prior statement demonstrated his innocence of the crime. We disagree. We note that " '[t]he question of whether to permit a defendant to withdraw a guilty plea rests within the sound discretion of the trial court * * * and absent a showing of abuse, that court's determination will not be disturbed' " (*People v Dennis*, 295 AD2d 755, 755, *lv denied* 99 NY2d 534, quoting *People v Bonilla*, 285 AD2d 746, 747). " 'Generally, a guilty plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake in its inducement' " (*People v Carr*, 288 AD2d 561, 561, quoting *People v Davis*, 250 AD2d 939, 940). Here, although the codefendant wrote a letter to defendant on February 7, 1997 essentially recanting her prior statement against him, she testified at the hearing before County Court that her prior statement was true. In addition, two police officers who responded to the scene of the crime testified that they conversed with the victim and the victim identified defendant as the one who cut his throat. In view of the evidence negating defendant's claim of innocence, we cannot conclude that County Court abused its discretion in denying his motion.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.