■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY A. BABCOCK, Appellant. [758 NYS2d 412] —Rose, J. Appeals (1) from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered November 16, 1999, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree, and (2) by permission, from an order of said court (Smith, J.), entered May 11, 2001, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.

We find no merit in defendant's initial contention that County Court erred in summarily denying his motion to withdraw his guilty plea. "[T]he question of whether a defendant should be permitted to withdraw his plea rests in the discretion of the trial court and hearings are granted only in rare instances" (People v Davis, 250 AD2d 939, 940 [1998]; see People v Tinsley, 35 NY2d 926, 927 [1974]). Here, the sole ground stated on the record by defendant in support of his motion was "because I still feel I am innocent of the charges and would like to prove that in court." This conclusory assertion was contradicted, however, by his own sworn plea allocution in which he described twisting the 12-year-old victim's nipples and repeatedly striking her vaginal area with his hand while using force to restrain her, resulting in his sexual arousal and ejaculation (see Penal Law § 130.65).

Next, defendant's claims that his counsel was ineffective and coerced his guilty plea were fully explored and rejected after a hearing on his CPL 440.10 motion. Our own review of the record reveals that counsel provided defendant with meaningful representation. Defendant received an advantageous plea bargain (see People v Ford, 86 NY2d 397, 404 [1995]), and we find no indication that counsel failed to investigate or pursue any viable defense to the charges (see People v King, 299 AD2d 661, 662 [2002], lv denied 99 NY2d 583 [2003]). Rather, counsel was an experienced criminal attorney who made appropriate pretrial motions, consulted an expert witness regarding a potential defense, negotiated an earlier, more lenient plea agreement which was rejected by County Court, and succeeded in excluding the People's last minute expert's report of the

presence of semen on the victim's clothing (*see People v Miller*, 226 AD2d 833, 837 [1996], *lv denied* 88 NY2d 939 [1996]). Given that defendant's earlier statements to police fully describing his sexual contact with the victim were not suppressed, counsel's plea strategy might well have been pursued by any reasonably competent attorney (*see People v Angelakos*, 70 NY2d 670, 674 [1987]; *People v Satterfield*, 66 NY2d 796, 799 [1985]). Further, counsel's advice to accept the plea offer to avoid the possibility of a harsher sentence after trial does not, contrary to defendant's contention, constitute undue pressure or coercion (*see People v Carr*, 288 AD2d 561, 561-562 [2001]).

Finally, although defendant's contentions that the sentence was excessive and imposed in the absence of a presentence report are meritless, we find that County Court erred in imposing a postrelease supervision period of five years rather than the maximum period of three years provided in Penal Law § 70.45 (2), and modify the judgment accordingly.

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by reducing the period of postrelease supervision to three years, and, as so modified, affirmed. Ordered that the order is affirmed.