■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARONE CALDWELL, Also Known as SHAWN JOHNSON, Appellant. [764 NYS2d 496] —Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered November 20, 2000, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the fifth degree and assault in the first degree.

Defendant was charged with various crimes relating to his possession of cocaine in December 1999 and with assault in the first degree after a shooting incident in June 2000. Thereafter, he agreed to plead guilty to criminal possession of a controlled substance in the fifth degree and assault in the first degree in full satisfaction of all charges. As part of the plea agreement, he was to receive a sentence of 1 to 3 years in prison on the criminal possession charge and a determinate 10-year prison term on the assault charge, to run consecutively. At the time of his plea, defendant executed a written waiver of the right to appeal. During the plea proceedings, County Court advised defendant that he would have to acknowledge his waiver at sentencing. Prior to sentencing, however, defendant moved to withdraw his guilty plea and disavowed his waiver of the right to appeal. County Court denied the motion without a hearing. At sentencing, defendant refused to reaffirm his waiver of the right to appeal. As a result, County Court did not abide by the original sentencing promise with respect to the assault charge and imposed a determinate 15-year prison term instead. Defendant now appeals.

Initially, we find no error in the denial of defendant's motion to withdraw his guilty plea without a hearing. "It is well settled that '[t]he decision to permit withdrawal of a guilty plea is a matter within the trial court's sound discretion, and a hearing is required only where the record presents a genuine question of fact as to its voluntariness'" (*People v Bagley*, 298 AD2d 616, 616 [2002], *lv denied* 99 NY2d 580 [2003], quoting *People v De Fabritis*, 296 AD2d 664, 664 [2002]; *see People v Babcock*, 304 AD2d 912 [2003]). As grounds supporting his motion, defendant contends that his counsel was ineffective and that he is innocent of the charges. Our review of the record, however, does not reveal that defendant protested his innocence during any stage of the proceedings. Moreover, there is nothing to indicate that his attorney did not competently represent him or that he was coerced into entering the plea. Rather, after being fully informed of the consequences of pleading guilty and the rights he was waiving thereby, defendant related that he

had conferred with counsel and understood them. He proceeded to admit the elements of the crimes to which he pleaded guilty. Insofar as defendant has advanced nothing but conclusory assertions, we find no abuse of discretion in the denial of his motion without a hearing (*see People v Kagonyera*, 304 AD2d 984, 985 [2003]; *People v Robinson*, 301 AD2d 745, 746 [2003], *lv denied* 100 NY2d 542 [2003]).

We reach a different conclusion, however, with respect to County Court's imposition of an enhanced sentence on the assault charge based upon defendant's failure to reaffirm his waiver of the right to appeal at sentencing. Although County Court informed defendant during the plea proceedings that his acknowledgment and waiver of the right to appeal was part of the plea bargain, it did not specifically instruct him that reaffirming such waiver was a condition of the plea bargain itself and that his failure to do so would result in a greater sentence. Consequently, we conclude that defendant could not be subjected to an enhanced sentence under these circumstances (*see People v Pham*, 287 AD2d 789, 790 [2001]; *cf. People v Paige*, 266 AD2d 587, 588 [1999], *lv denied* 94 NY2d 827 [1999]; *People v Whittaker*, 257 AD2d 854, 854 [1999], *lv denied* 93 NY2d 880 [1999]). Inasmuch as the People concede this and consent to the imposition of the sentence negotiated as part of the plea agreement, we find that this is the appropriate remedy (*see People v Parker*, 271 AD2d 63, 69 [2000], *lv denied* 95 NY2d 967 [2000]).

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; defendant is sentenced to a consecutive term of imprisonment of 10 years on his conviction of assault in the first degree; and, as so modified, affirmed.