Spain, J.
Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered March 26, 2002, *802 convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
On November 9, 2000, an indictment was handed up charging defendant with various drug-related crimes based upon his sale of cocaine to a confidential informant working with undercover police officers on June 8, 2000 and June 22, 2000. After defendant was located in and discharged from a hospital drug treatment program, he was arraigned and entered a plea of not guilty. Thereafter, defense counsel made an omnibus motion seeking, among other things, to dismiss the indictment on speedy trial grounds. Following a hearing on this issue, County Court reserved decision and defendant thereafter pleaded guilty to criminal possession of a controlled substance in the fifth degree in full satisfaction of the indictment. As part of the plea agreement, defendant agreed to waive his right to appeal and to be sentenced to 2 to 4 years in prison, and the District Attorney consented to defendant’s participation in the Willard Drug Treatment Program. Before sentence was pronounced, however, defendant moved to withdraw his guilty plea. The court denied the motion and sentenced defendant, as an admitted second felony offender, in accordance with the plea agreement. Defendant now appeals.
We turn first to defendant’s claim that County Court erred in denying his motion to withdraw his plea without a hearing. It is well settled that “[t]he question of whether to permit a defendant to withdraw a guilty plea rests within the sound discretion of the trial court . . . and[,] absent a showing of abuse, that court’s determination will not be disturbed” (People v Bonilla, 285 AD2d 746, 747 [2001]; see CPL 220.60 [3]; People v Alexander, 97 NY2d 482, 485 [2002]; People v Babcock, 304 AD2d 912, 912 [2003]). “[A] hearing is required only where the record presents a genuine quéstion of fact as to [the] voluntariness” of the plea (People v De Fabritis, 296 AD2d 664, 664 [2002]). “Generally, a guilty plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake in its inducement” (People v Davis, 250 AD2d 939, 940 [1998] [citations omitted]; see People v McDonnell, 302 AD2d 619, 620 [2003], lv denied 100 NY2d 540 [2003]).
Here, the transcript of the plea proceedings reveals that County Court fully informed defendant of the ramifications of pleading guilty and the rights he was thereby waiving. Although he was taking medication for apparent back problems and was reportedly in some pain, he unequivocally stated that he understood the proceedings and the rights he was foregoing by entering a plea and that his physical condition did not impair *803 his understanding. In addition, while the court sought to accommodate defendant by inviting him to sit during the proceedings, he declined. He admitted selling cocaine on June 8, 2000 as specified in count one of the indictment, and there is nothing in the record to substantiate his claim that his physical condition was an undue or coercive factor in the entry of his plea or that he was innocent of the charges. Consequently, we find no abuse of discretion in the denied of defendant’s motion without a hearing, which was fully supported by the court’s written decision.
Defendant also asserts that he was denied the effective assistance of counsel because his attorney failed to focus on the statutory speedy trial violation, concentrating instead on the less meritorious constitutional claim. Given that defendant entered a voluntary guilty plea and accompanying waiver of the right to appeal, he is precluded from raising this statutory claim here (see People v O’Brien, 56 NY2d 1009, 1010 [1982]; People v Smith, 272 AD2d 679, 681 [2000], lv denied 95 NY2d 938 [2000]). Likewise, he is foreclosed from challenging the effectiveness of counsel on this basis since the ineffectiveness alleged does not impact upon the voluntariness of the plea (see People v Sayles, 292 AD2d 641, 643 [2002], lv denied 98 NY2d 681 [2002]; cf. People v Johnson, 288 AD2d 501, 502 [2001]). In any event, the record belies defendant’s contention as the omnibus motion and accompanying affirmation clearly allege a violation of CPL 30.30. While constitutional speedy trial claims survive a guilty plea and appeal waiver (see People v Smith, supra at 681), defendant does not raise this issue on appeal. Accordingly, we find no reason to disturb the judgment of conviction.
Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.