■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL VINALS, Appellant. [768 NYS2d 844]—

Crew III, J.P. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered January 23, 2002, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and arson in the third degree.

Defendant was charged with burglary in the second degree, arson in the third degree and two counts of criminal contempt in the first degree as the result of an incident in which he illegally entered the home of a former girlfriend and set a fire. He thereafter pleaded guilty to burglary in the second degree and arson in the third degree in full satisfaction of the indictment. Under the terms of the plea agreement, defendant was to be sentenced to concurrent determinate prison terms of five years, to be followed by a five-year period of postrelease supervision. Although defendant made a request to withdraw his plea prior to sentencing, County Court denied the application. At sentencing, County Court advised defendant that it could not impose a determinate sentence for arson because it was not a violent felony. County Court proceeded to sentence defendant to a determinate five-year prison term on the burglary conviction and an indeterminate prison term of $1^1/_2$ to $4^1/_2$ years on the arson conviction, to run concurrently with each other and with any sentence imposed by the County Court of Orange County with respect to other charges. Defendant subsequently made a pro se motion to withdraw his plea and vacate the judgment of conviction, which also was denied by County Court. Defendant now appeals.

Defendant contends that County Court erroneously denied his motion to withdraw his plea because he mistakenly thought he was pleading guilty only to the burglary charge and was misinformed as to the sentence to be imposed on the arson charge. Initially, "[i]t is well settled that the question of whether to permit a defendant to withdraw a guilty plea rests within the sound discretion of the trial court" (*People v Graham-Harrison*, 272 AD2d 780, 781 [2000]) and, unless there is an abuse of that discretion, its determination will not be disturbed (*see People v McDonnell*, 302 AD2d 619, 620 [2003], *lv denied* 100 NY2d 540

[2003]). " 'Generally, a guilty plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake in its inducement' " (*People v Carr*, 288 AD2d 561, 561 [2001], quoting *People v Davis*, 250 AD2d 939, 940 [1998]). Here, defendant's claim that he misunderstood the crimes encompassed by the plea agreement is belied by the record of the plea proceedings, which discloses that defendant indicated a desire to plead guilty to *both* crimes and, in fact, admitted that he committed both crimes. Although the sentencing transcript reveals that County Court incorrectly informed defendant that the arson conviction would carry a determinate five-year prison term, defendant was not prejudiced by this error since he ultimately received a lesser sentence.

Furthermore, we find no merit to defendant's claim that he was denied the effective assistance of counsel. " 'In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Wright*, 295 AD2d 806, 807 [2002], quoting *People v Ford*, 86 NY2d 397, 404 [1995] [citations omitted]). Defense counsel negotiated a very favorable plea, whereby defendant was to be sentenced to the minimum term of incarceration on the burglary conviction and a concurrent shorter indeterminate term on the arson charge. Under these circumstances, we find nothing in the record that casts doubt upon counsel's apparent effectiveness.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.