■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. HARRES, Appellant. [784 NYS2d 224]—

Kane, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered May 12, 2003, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with assault in the second degree. He pleaded guilty to this charge and was to be sentenced to a prison term of three years, to be followed by a period of postrelease supervision. Although during the plea proceedings County Court initially indicated an incorrect period of postrelease supervision, following an off-the-record discussion the court informed defendant that the postrelease supervision period was either between 2½ to 5 years or 1½ to 3 years, most probably the former. Defendant proceeded to enter his plea and waive his right to appeal. At sentencing, defendant moved to withdraw his plea. County Court summarily denied the motion and sentenced defendant to the agreed-upon prison term, to be followed by a statutorily-mandated five-year period of postrelease supervision. Defendant appeals.

Because defendant was advised that there would be a period of postrelease supervision and that the maximum could be five years, we find *People v Goss* (286 AD2d 180 [2001]) to be inapplicable. Given that defendant was not misled regarding the period of postrelease supervision that could be imposed, there is no basis for exercising our interest of justice jurisdiction and allowing him to withdraw his plea.

Likewise, we find no abuse of discretion in County Court's denial of defendant's motion to withdraw his plea without a hearing. The transcript of the proceedings reveals that defendant understood the rights he was waiving by entering a plea and was not pressured or coerced into doing so. His statements at sentencing do not substantiate his claim of innocence but simply suggest that he had a change of heart. His claim of ineffective assistance of counsel is similarly conclusory. Inasmuch as the record does not raise questions concerning the voluntariness of defendant's plea, a hearing on defendant's motion was not necessary (*see People v Lane*, 1 AD3d 801, 802 [2003], *lv denied* 2 NY3d 742 [2004]; *People v Caldwell*, 308 AD2d 658, 658 [2003]).

Mercure, J.P., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.