■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WRIGHT, Appellant. [799 NYS2d 336]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered February 27, 2004, convicting defendant upon his plea of guilty of the crimes of attempted rape in the first degree and sodomy in the second degree.

A 14-count indictment charged defendant with various crimes related to his sexual abuse of two girls. After being represented by several attorneys from the Public Defender's office and assigned counsel, defendant retained counsel. The day before trial was set to begin, defendant, appearing with counsel, pleaded guilty to attempted rape in the first degree and sodomy in the second degree. The plea bargain included a waiver of the right to appeal. Before sentencing, defendant moved to withdraw his plea. County Court denied the motion and sentenced defendant in accordance with the plea. Defendant appeals.

Defendant's waiver of the right to appeal precludes our review

of his allegations of ineffective assistance of counsel except insofar as the alleged ineffectiveness impacts on the voluntariness of his plea (*see People v Robinson*, 301 AD2d 745, 746 [2003], *lv denied* 100 NY2d 542 [2003]; *People v Lynch*, 256 AD2d 651, 651 [1998], *lv denied* 93 NY2d 1004 [1999]). The allegations of ineffectiveness here are that counsel failed to conduct a full investigation into witnesses and documents that could provide alibis, thus rendering the defense unprepared for trial. Defendant's unsupported allegations are belied by the record, which indicates that defendant's retained counsel subpoenaed medical and employment records which might show that defendant was incapable of committing the charged crimes on the dates alleged. His attorneys also conducted discovery and obtained a bill of particulars narrowing the time periods of the allegations. Defendant claimed that he was incarcerated during the time period of one count of this multicount indictment, but County Court assured itself that defendant had no such defense for the times of the acts to which he pleaded. Additionally, at court appearances after the plea, defendant informed the court that counsel was "a good lawyer" and should remain on the case. In light of these facts and the favorable plea bargain obtained by counsel, the court properly denied defendant's motion to withdraw his plea without a hearing (*see People v Vinals*, 2 AD3d 1210, 1210-1211 [2003]; *People v Carr*, 288 AD2d 561, 561 [2001]).

We also reject defendant's contention that his plea was not knowingly, intelligently and voluntarily made. Defendant bases this contention on his statements during the plea colloquy that he could not plead guilty and wanted a trial because he did not commit the crimes. Shortly thereafter, he informed County Court that he would enter a plea. Based on defendant's statements calling his guilt into question, County Court conducted a further exhaustive inquiry (*see People v Lopez*, 71 NY2d 662, 666-667 [1988]), specifically informing defendant of his rights, that he was not required to plead guilty and could proceed to a trial, and that he should not plead guilty if in fact he did not commit the crimes. Defendant affirmatively answered the court's questions establishing his guilt to each element of the charged crimes, that he understood his rights, had enough time to discuss the case with counsel and wanted to plead guilty (*see People v Thigpen*, 12 AD3d 934, 934 [2004]; *People v Sheils*, 288 AD2d 504, 506 [2001], *lv denied* 97 NY2d 733 [2002]). Through this expanded inquiry, the court adequately assured that defendant's plea was knowing, intelligent and voluntary.

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.