■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DHIMITRIC MORRIS, Appellant. [817 NYS2d 163]—

Rose, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered January 19, 2005 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Defendant was charged in a three-count indictment with criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and resisting arrest. In full satisfaction of the indictment and another pending matter, defendant pleaded guilty to the second count of the indictment and waived his right to appeal with the understanding that he would be sentenced to 3½ to 7 years in prison. Prior to sentencing, defendant made a pro se motion to withdraw his plea of guilty. Supreme Court denied said motion without a hearing and sentenced defendant as agreed. Defendant now appeals.

The determination of a motion to withdraw a guilty plea lies within the sound discretion of the trial court and such will generally not be granted absent some evidence of innocence, fraud or mistake (*see People v Leonard,* 25 AD3d 925, 926 [2006]; *People v Harres,* 12 AD3d 786, 787 [2004]; *People v Lane,* 1 AD3d 801, 802 [2003], *lv denied* 2 NY3d 742 [2004]; *People v Tyler,* 260 AD2d 796, 797 [1999], *lv denied* 93 NY2d 980 [1999]). We are not persuaded that Supreme Court abused its discretion here. Defendant's motion itself included factual admissions confirming his guilt of the crime to which he pleaded guilty. Additionally, the record of the plea proceeding reflects that defendant's plea was entered knowingly and voluntarily. During that proceeding, the terms of the plea agreement were set forth several times and defendant confirmed that he understood that he was pleading guilty to the second count of the indictment, criminal possession of a controlled substance in the fourth degree, and admitted that he had committed acts constituting that crime. Supreme Court explained the rights defendant was forfeiting by pleading guilty and defendant acknowledged his understanding of those rights. Defendant also indicated that

counsel had fully discussed the case with him and he was satisfied with counsel's representation. Even if defendant's current complaints about counsel's performance were not precluded by his waiver of the right to appeal, we would find them unsupported in the record (*see People v Scott,* 12 AD3d 716, 717 [2004]; *People v Henning,* 2 AD3d 979, 980 [2003], *lv denied* 2 NY3d 740 [2004]; *People v Lane, supra* at 803; *People v Tyler, supra* at 798).

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.