■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL MARRERO, Also Known as MANULO, Appellant. [815 NYS2d 352]—

Rose, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered March 3, 2004, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree.

In satisfaction of a two-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the second degree. Although the negotiated plea agreement called for a sentence of 7½ years to life in prison, County Court ultimately imposed an enhanced sentence of 10 years to life based upon defendant's purported failure to cooperate at the sentencing hearing by refusing to admit second felony offender status. Defendant now appeals.

Initially, we reject defendant's contention that his application

to withdraw his guilty plea should have been allowed because his plea was coerced. A review of the plea minutes reveals that defendant was fully apprised of, understood and waived his rights and, after having conferred with his attorney, freely admitted the underlying facts of the crime and his guilt in connection therewith (see People v Thomas, 25 AD3d 879, 880 [2006]; People v Watson, 8 AD3d 911, 911-912 [2004]). Under these circumstances, County Court's discretionary determination denying defendant's plea vacatur application on the ground that the plea was voluntarily entered will not be disturbed (see People v Leonard, 25 AD3d 925, 925-926 [2006]; People v Harres, 12 AD3d 786, 787 [2004]).

We find similarly unavailing defendant's assertion that the County Judge erred by not recusing himself. In a situation where, as here, there are no statutory grounds mandating disqualification (see Judiciary Law § 14), the " 'trial judge is the sole arbiter of recusal and his or her decision in that regard will not be overturned absent an abuse of discretion' " (People v Saunders, 301 AD2d 869, 871 [2003], lv denied 100 NY2d 542 [2003], quoting Matter of Stampfler v Snow, 290 AD2d 595, 596 [2002]). In demanding recusal in this case, defendant cited to the fact that the Judge, when formerly a practicing attorney, represented him in 1994 in connection with a criminal matter. The record is clear, however, that the Judge had no recollection of that prior interaction with defendant (see People v Wallis, 24 AD3d 1029, 1031 [2005]). Moreover, there has been no demonstration by defendant of any bias or partiality on the part of the Judge and our independent review of the record discloses none (see People v Curkendall, 12 AD3d 710, 714 [2004], lv denied 4 NY3d 743 [2004]).

Finally, although we do not agree that County Court's imposition of an enhanced sentence served as retribution for defendant's application to withdraw his plea, we nonetheless find that the court erred by straying from the agreed-upon sentence. There is simply nothing in the record to indicate that the sentence contemplated by the plea bargain was premised upon defendant's concession to being a second felony offender. While County Court did advise defendant during the plea hearing that he was going to be sentenced as a second felony offender, it never specifically instructed him that admitting such second felony offender status was a condition of the plea agreement and that his failure to do so would result in a more severe sentence (see People v Caldwell, 308 AD2d 658, 659 [2003]). Accordingly, there is no basis to conclude that defendant breached a condition of the plea bargain warranting an enhanced sentence

(*see People v Hastings,* 24 AD3d 954, 955-956 [2005]). Defendant is entitled to be sentenced in accordance with the terms of the plea agreement.

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Sullivan County for resentencing in accordance with this Court's decision; and, as so modified, affirmed.