■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONI K. KEYES, Appellant. [821 NYS2d 141]—Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered July 28, 2003. The judgment convicted defendant, upon her plea of guilty, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD SCHULZ, Appellant. [821 NYS2d 346]—Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered December 8, 2004. The judgment convicted defendant, upon his plea of guilty, of sodomy in the first degree and sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a guilty plea, of sodomy in the first degree (Penal Law former § 130.50 [3]) and sexual abuse in the first degree (§ 130.65 [3]). Supreme Court properly denied defendant's motion to withdraw the plea, inasmuch as the record establishes that the plea was knowingly, voluntarily and intelligently entered (see People v Morris, 30 AD3d 632 [2006]). Contrary to the further contentions of defendant, he was not denied effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]), and the bill of particulars was sufficiently specific with respect to its description of the date and time and of the alleged crimes as well as the location where they were committed (see generally People v Watt, 81 NY2d 772, 774-775 [1993]; People v Morris, 61 NY2d 290, 293-296 [1984]). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.