(May 29, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT SINGLETARY, Appellant. [858 NYS2d 483]—

Kavanagh, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered February 9, 2006, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Defendant was charged in a five-count indictment with criminal possession of a controlled substance in the third degree (four counts) and criminally using drug paraphernalia and thereafter pleaded guilty to one count of criminal possession of a controlled substance in the fourth degree in full satisfaction thereof. Following County Court's denial of his motion to withdraw his plea, defendant was sentenced to four years in prison with two years of postrelease supervision. This appeal by defendant ensued.

Preliminarily, we reject defendant's assertion that County Court erred in summarily denying his motion to withdraw his plea based upon alleged coercion and ineffective assistance of counsel. "Generally, a guilty plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake in its inducement" (*People v Lane*, 1 AD3d 801, 802 [2003], *lv denied* 2 NY3d 742 [2004] [internal quotation marks and citations omitted]; *see People v Carr*, 288 AD2d 561 [2001]). To that end, the decision to permit withdrawal of a defendant's guilty plea is a matter committed to the trial court's sound discretion, and a hearing is required only where the record presents a genuine question of fact as to the plea's voluntariness (*see People v De Fabritis*, 296 AD2d 664 [2002], *lv denied* 99 NY2d 557 [2002]; *see People v Vinals*, 2 AD3d 1210 [2003]). Here, the record is devoid of any indication of fraud or innocence, and defendant's conclusory allegation of coercion is belied by the transcript of his plea allocution, wherein defendant plainly denied that he had been threatened or otherwise forced to plead guilty (*see People v Nichols*, 21 AD3d 1273, 1274 [2005], *lv denied* 6 NY3d 757 [2005]).

Defendant's claim of ineffective assistance of counsel is equally unpersuasive. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995] [citations omitted]; *see People v Vinals*, 2 AD3d at 1211). As County Court observed in denying defendant's motion, the plea negotiations occurred over a lengthy period of time during which various motions were made on defendant's behalf. Additionally, County Court questioned defendant at length regarding his opportunities to confer with counsel, and defendant unequivocally indicated that he had sufficient time to consult with counsel and was satisfied with counsel's representation. Finally, it is apparent from the record that counsel negotiated an advantageous plea to a reduced charge on defendant's behalf (*see People v Adams*, 31 AD3d 1063, 1066 [2006], *lv denied* 7 NY3d 845 [2006]). Under such circumstances, we perceive no abuse of discretion in County Court's summary denial of defendant's motion to withdraw his plea (*see id.* at 1065-1066).

Defendant's claim that his guilty plea was not knowing, intelligent and voluntary also is lacking in merit. Even a cursory review of the plea allocution reveals that defendant understood the nature of the charge against him, was apprised of the rights he would be forfeiting by pleading guilty and voluntarily entered into such plea. Notably, "[d]efendant was not required to recite the elements of the crime or engage in a factual exposition, as it was sufficient that he provided unequivocal affirmative responses to the court's questions, never made statements negating his guilt and indicated that he was entering the plea because he was, in fact, guilty" (*People v Williams*, 35 AD3d 971, 972 [2006], *lv denied* 8 NY3d 928 [2007]). Finally, we reject defendant's assertion that the sentence imposed was harsh and excessive.

Cardona, P.J., Mercure, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.