People v Rideout (2024 NY Slip Op 04692)

People v Rideout

2024 NY Slip Op 04692

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

641 KA 18-00222

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALEXANDER WHITEHILL RIDEOUT, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER, BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered October 24, 2017. The judgment convicted defendant, upon a jury verdict, of tampering with physical evidence (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of tampering with physical evidence (Penal Law § 215.40 [2]). Contrary to defendant's contention, we conclude that the indictment and bill of particulars provided defendant with "fair notice of the accusations made against him, so that he [was] able to prepare a defense" (People v Iannone, 45 NY2d 589, 594 [1978]; see People v Schulz, 32 AD3d 1224, 1224 [4th Dept 2006]; see generally People v Morris, 61 NY2d 290, 293-296 [1984]). Contrary to defendant's further contention, we conclude that the circumstantial evidence, when viewed in the light most favorable to the People (see People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001]), is legally sufficient to support the conviction (see People v Neulander, 221 AD3d 1412, 1412-1413 [4th Dept 2023], lv denied 41 NY3d 984 [2024]; People v Maull, 167 AD3d 1465, 1466 [4th Dept 2018], lv denied 33 NY3d 951 [2019]). Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court