■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered June 2, 1986, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to the date set for sentencing, the defendant filed a formal written motion to withdraw his guilty plea based upon his bare assertion that he was innocent of the charges and that his former attorney had coerced him into pleading guilty. At the time of sentencing, the court afforded the defendant a further opportunity to argue the motion; however, the defense counsel merely reiterated the same conclusory assertions as were contained in the motion papers. After indicating that it had reviewed the minutes of the plea allocution and the papers submitted on the defendant's motion, the court denied it.

The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the sentencing court (see, People v Melendez, 135 AD2d 660, lv denied 70 NY2d 1008). There exists no hard-and-fast rule which sets forth the nature and extent of the fact-finding procedures necessary to the disposition of motions to withdraw guilty pleas previously entered (People v Tinsley, 35 NY2d 926, 927). Rather, the Judge hearing the motion "must exercise his discretion in affording defendant a reasonable opportunity to advance his claims from which an informed and prudent determination can be rendered" (People v Frederick, 45 NY2d 520, 525).

In the instant case, the defendant knowingly and voluntarily made a complete and detailed plea allocution in the presence of competent counsel—with whom the defendant had expressed satisfaction at the time of the plea—after the court had fully apprised the defendant of the consequences of his plea (see, People v Harris, 61 NY2d 9). Inasmuch as the court had the defendant's motion papers before it and afforded the defendant ample opportunity to substantiate his assertions at sentencing, the court properly proceeded to impose sentence (see, People v Savio, 117 AD2d 633, lv denied 68 NY2d 1004; People v McClendon, 114 AD2d 425, lv denied 66 NY2d 921).

Mollen, P. J., Lawrence, Eiber, Sullivan and Balletta, JJ., concur.