■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVELYN ESTRADA, Also Known as EVELYN BOUCHER, Appellant.—Judgment, Supreme Court, Bronx County (Elbert C. Hinkson, J.), rendered on June 22, 1989, convicting defendant, after a plea of guilty, of burglary in the first degree, robbery in the second degree, assault in the second degree, burglary in the second degree, criminal possession of stolen property in the fourth degree and possession of burglar's tools, and sentencing her, as a second felony offender, to concurrent indeterminate terms of imprisonment of 6 to 12 years on the first degree burglary and second degree robbery, 3½ to 7 years on the second degree assault and second degree burglary, 2 to 4 years on the fourth degree criminal possession of stolen property conviction and a concurrent, determinate term of imprisonment of one year on conviction for possession of burglar's tools, unanimously affirmed.

On November 6, 1987 the defendant forcibly entered an apartment then stole credit cards. On November 2, 1988, she entered an apartment of an elderly woman, took money from her and injured her in the process. At the time these crimes were committed the defendant was on probation from a prior felony conviction.

She originally pled not guilty, and was assigned counsel. After the jury was selected but before trial started, counsel for the defendant informed the Court that the defendant wished to change her plea to guilty. Halfway through the plea, however, the defendant informed the Court that she wanted new counsel, without stating a reason for the request. The Court recessed and requested that the defendant and her counsel discuss the defendant's request with defense counsel's supervisor. After the recess the defendant pled guilty to the charges in satisfaction of two indictments. The record reflects that there was ongoing communication between defendant and counsel during the remainder of the plea proceedings. However, at a subsequent predicate felony hearing the defen-

dant again requested to withdraw her plea and at sentencing declared her innocence of the crimes charged.

The Court properly denied defendant's requests without holding a formal hearing. Neither the claim of ineffective assistance of counsel nor the defendant's claim of innocence were substantiated, thus, both lacked any factual basis. *(People v Brown,* 142 AD2d 683.) Further, the record establishes that defendant was afforded an adequate opportunity to state the reasons for her applications, and that her plea was knowingly and voluntarily taken in any event. *(People v Nixon,* 21 NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067.) Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Kassal, JJ.