■ The People of the State of New York, Respondent, v Douglas White, Appellant. [752 NYS2d 166] —Mugglin, J. Appeal, by permission, from an order of the County Court of Sullivan County (LaBuda, J.), entered September 17, 2001, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal possession of a controlled substance in the second degree, without a hearing.

Defendant was charged in a multicount indictment with the commission of various drug-related offenses. After plea bargain negotiations floundered, his counsel made an omnibus motion seeking suppression of the physical evidence seized pursuant to a search warrant which authorized the search of his home, inter alia, on the ground that the warrant was executed in violation of CPL article 690 in terms of time, notice and manner of entry. County Court scheduled a suppression hearing for January 22, 2001. Nevertheless, upon receipt of a better bargain, defendant entered a plea of guilty on January 19, 2001 to criminal possession of a controlled substance in the second degree, a class A-II felony, in full satisfaction of the indictment. Pursuant to this agreement, the People recommended a sentence of eight years to life and, although defendant had to forfeit cash (seized during the search of his home and from his safe deposit box) and one vehicle, the People agreed to forego forfeiture proceedings against defendant's home and several other vehicles. For his part, defendant agreed to waive his right to appeal. Defendant was sentenced in accordance with the plea bargain agreement on March 30, 2001, whereupon he executed a document which, among other things, recites that he does not wish to appeal. Defendant has not appealed from this judgment of conviction. On May 9, 2001, however, defendant moved, pro se, to vacate the judgment of conviction pursuant to CPL 440.10 (1) (h), claiming that the manner of execution of the search warrant violated his constitutional rights and that he had received ineffective assistance of counsel. County Court denied defendant's motion without a hearing, concluding that sufficient facts appeared in the record permitting judicial review of these issues on direct appeal, which defendant unjustifiably failed to take. We granted leave to appeal.

Defendant argues that the physical evidence seized from his home should have been suppressed because the authorities executed the warrant (which did not contain a "no knock" provision) in violation of the provisions of CPL 690.50 and in derogation of his federal and state constitutional rights. He also asserts that he received the ineffective assistance of counsel due to trial counsel's failure to pursue the suppression of this physical evidence.

We first note that defendant makes no claim challenging the efficacy of his plea or waiver of appeal. Indeed, our review of these proceedings satisfies us that the plea and waiver of appeal were made knowingly, intelligently and voluntarily (see People v Eaddy, 200 AD2d 896, 897, lv denied 83 NY2d 852).

As a consequence, entry of the guilty plea constitutes an affirmative waiver of all undetermined suppression issues (*see People v Berezansky*, 229 AD2d 768, 771, *lv denied* 89 NY2d 919; *People v Jones*, 183 AD2d 918, *lv denied* 80 NY2d 905; *People v Aponte*, 180 AD2d 910, *lv denied* 79 NY2d 997).

Next, we are of the view that County Court correctly denied the CPL article 440 motion without a hearing. Defendant has failed to offer a satisfactory explanation for not raising the issues concerning the execution of the search warrant prior to sentence (*see People v Berezansky, supra* at 771). First, defendant's preplea omnibus motion sought suppression of the physical evidence on the exact basis that defendant now seeks to raise on this appeal. Second, and more revealing, on March 9, 2001, defendant, in a letter to his attorney, indicated his desire to raise the issue of the improper execution of the search warrant so that it would be in the record for appellate purposes but, at the same time, doing so without destroying the plea agreement. Despite this, neither defendant nor his attorney attempted in any way to raise this issue at sentencing by way of withdrawal of his guilty plea or otherwise.

Next, defendant's claim of ineffective assistance of counsel would survive a waiver of the right to appeal if it impacts the voluntariness of his guilty plea (*see People v Ellett*, 245 AD2d 952, 954, *lv denied* 91 NY2d 925; *People v Conyers*, 227 AD2d 793, 793, *lv denied* 88 NY2d 982). This record reveals no basis upon which to claim that ineffective assistance of counsel deprived defendant's plea of guilty of the requisite voluntariness. Defendant's sole argument is that the failure to hold the suppression hearing constituted ineffective assistance of counsel. He does not argue that ineffective assistance of counsel rendered his guilty plea involuntary. His present argument overlooks his waiver of all undetermined suppression issues, his statement to County Court that he was satisfied with his attorney's legal advice, and the benefits flowing to defendant and his family resulting from the nonforfeiture of their home and vehicles. These factors, when viewed in the totality and at the time of representation, bring us to the conclusion that defendant received meaningful representation (*see People v Fuller*, 245 AD2d 987, 988, *lv denied* 91 NY2d 941). Indeed, defendant himself recognized the value of the plea agreement by expressly acknowledging his desire to raise these issues regarding the search warrant so long as the plea bargain was not disturbed. Accordingly, we are unpersuaded that defendant, as he now claims, received ineffective assistance of counsel.

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed.