THIRD DEPARTMENT, JANUARY, 2003

(January 2, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN SMITH, Appellant. [753 NYS2d 202] —Mercure, J.P. Appeals (1) from a judgment of the County Court of Schenectady County (Giardino, J.), rendered October 15, 1998, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, and (2) by permission, from an order of said court (Eidens, J.), entered January 11, 2001, which denied defendant's motion

pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant's conviction arises from his arrest following a traffic stop during which a police officer, who had followed defendant's vehicle after receiving a tip from two informants, observed the presence of cocaine in the vehicle. Defendant was indicted on one count of criminal possession of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the fourth degree. Defendant eventually entered a plea of guilty to these crimes and was sentenced to concurrent prison terms of $5^{1}/_2$ to 11 years. Defendant thereafter moved to vacate the judgment pursuant to CPL 440.10 on the basis that he received ineffective assistance of counsel and his conviction had been procured by fraud on the part of a person acting on behalf of the prosecution (*see* CPL 440.10 [1] [b], [h]). County Court denied the motion without a hearing, and defendant now appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.

We affirm. Initially, we reject defendant's contention that the judgment of conviction should have been vacated because the conviction was procured by fraud on the part of a person acting on behalf of the prosecution (*see* CPL 440.10 [1] [b]). Defendant, in his motion papers, alleged, inter alia, that the arresting police officer, or one of his informants, had fabricated evidence in his case. In support of this allegation, defendant proffered only his sworn affidavit alleging that he had knowledge of a tape recording wherein one of the officer's informants denied having provided information about defendant. We find this affidavit wholly insufficient as factual support for defendant's conclusory allegation that his conviction was procured by fraud (*see* CPL 440.30 [1], [4] [b]).

Defendant similarly contends that his guilty plea was not knowing, voluntary or intelligent because the arresting officer harassed defendant's family and threatened his person in order to induce defendant to enter a guilty plea. However, the record is devoid of evidence to support this claim. Further, the record reveals that County Court vacated defendant's initial guilty plea, a subsequent plea proceeding was adjourned to afford defendant further opportunity to consult with counsel and, at the plea allocution, defendant was fully advised of, and understood, the consequences of his plea. Accordingly, we conclude that defendant's plea was knowing, voluntary and intelligent, and " 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant' "

(*People v Ford*, 86 NY2d 397, 403, quoting *North Carolina v Alford*, 400 US 25, 31; *see People v Batcher*, 291 AD2d 581, 582; *People v Ferreri*, 271 AD2d 805, 805, *lv denied* 95 NY2d 834).

Turning to defendant's claim of ineffective assistance of counsel in entering his plea, we note that defendant's right to challenge the effectiveness of his assigned counsel was not foreclosed by his guilty plea and waiver of his right to appeal (*see People v Ferguson*, 192 AD2d 800, 800, *lv denied* 82 NY2d 717). However, we reject defendant's contention that assigned counsel provided ineffective assistance by failing to request a *Darden* hearing to assess the reliability of the arresting officer's informants. It is well settled that "a showing that counsel failed to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel" (*People v Rivera*, 71 NY2d 705, 709). Defendant has not made the required showing that there was no strategic or other legitimate explanation for counsel's failure to request a *Darden* hearing (*see id.*; *People v Paige*, 289 AD2d 872, 873, *lv denied* 97 NY2d 759), particularly in light of the *Mapp* hearing in this case, which explored the identity and reliability of the officer's informants and led to denial of defendant's suppression motion. We see nothing in this record to suggest that assigned counsel provided less than meaningful representation (*see People v Benevento*, 91 NY2d 708, 712-713; *People v Baldi*, 54 NY2d 137, 147) and, accordingly, defendant's CPL 440.10 motion on this ground was properly denied (*see* CPL 440.30 [4] [d]). Defendant's remaining contentions have been considered and found to be unavailing.

Crew III, Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.