■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL COLLINS, Appellant. [760 NYS2d 372] —Crew III, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered January 3, 2001, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

In accordance with a negotiated plea bargain, defendant pleaded guilty to the crime of criminal possession of a controlled substance in the fifth degree in satisfaction of a five-count indictment, and was sentenced, as a second felony offender, to a prison term of 2 to 4 years. Defendant appeals, contending that he received ineffective assistance of counsel as evidenced by counsel's failure to advise him of his right to challenge the credibility of the confidential informant by requesting an *Aguilar/Spinelli* hearing.

By his failure either to move to withdraw his guilty plea or

to vacate the judgment of conviction, the issue of whether defendant received the effective assistance of counsel has not been preserved for our review (*see People v Johnson*, 288 AD2d 501, 502 [2001]). Were we to consider the issue, however, we would find it to be without merit. The failure of defense counsel to make a particular pretrial motion does not, by itself, establish ineffective legal assistance (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Garnsey*, 288 AD2d 761, 762 [2001], *lv denied* 97 NY2d 754 [2002]). Our review of the record discloses that defense counsel made appropriate pretrial motions and provided defendant with competent representation as evidenced, in particular, by his negotiation of a most favorable plea (*see People v Powell*, 299 AD2d 574, 575 [2002]).

Defendant's challenge to his guilty plea is similarly not preserved for our review, given the failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Johnson*, 82 NY2d 683, 685 [1993]; *People v Mejias*, 293 AD2d 819 [2002], *lv denied* 98 NY2d 699 [2002]). The issue is, in any event, clearly meritless as are the remaining issues raised herein.

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.