■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA SHAW, Appellant. [768 NYS2d 392]—

Spain, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered September 28, 2000, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

We previously assigned new counsel to represent defendant on this appeal (301 AD2d 751, 751 [2003]) and now defendant's sole legal argument is that his guilty plea was not knowing, voluntary or intelligent. This issue, however, has not been preserved for our review because defendant did not move to withdraw the plea or vacate the judgment of conviction (see People v Thomas, 307 AD2d 592, 592 [2003], lv denied 100 NY2d 625 [2003]; People v De Berardinis, 304 AD2d 914, 915 [2003], lv denied 100 NY2d 580 [2003]). Although defendant was initially hesitant to accept the negotiated plea agreement, County Court properly made further and repeated inquiries to ensure that defendant understood the nature of the charge and that the plea was intelligently and voluntarily entered and, thus, the narrow exception to the preservation rule is inapplicable (see People v Lopez, 71 NY2d 662, 666-667 [1988]; People v Camp, 302 AD2d 629, 630 [2003], lv denied 100 NY2d 593 [2003]).

In any event, considering defendant's claim, we find it to be without merit. The transcript of the plea proceedings discloses that County Court went to great lengths to explain to defendant the ramifications of pleading guilty, taking special care to specifically address those matters about which defendant initially expressed confusion. After the court clarified these matters, defendant indicated that he understood them and conferred with counsel. While defendant initially professed ignorance of the cir-

cumstances of the crime, he ultimately admitted that he sold cocaine in Ulster County in August 1999. As the record makes clear, "[a]ny reluctance on the part of defendant in entering his guilty plea is attributable not to threats or coercion but to defendant's 'unhappiness with the harsh realities of his situation' " (*People v Wilmer*, 191 AD2d 850, 850-851 [1993], *lv denied* 81 NY2d 1022 [1993], quoting *People v Jimenez*, 179 AD2d 840 [1992], *lv denied* 79 NY2d 949 [1992]; *see People v Evans*, 193 AD2d 960, 961 [1993]).

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.