■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY COLEMAN, Also Known as ANTHONY STRAW, Appellant. [778 NYS2d 576]—

Rose, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered January 3, 2003, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to the crime of attempted criminal sale of a controlled substance in the third degree in satisfaction of a six-count indictment. Pursuant to the terms of the plea agreement, which included defendant's written and signed waiver of his right to appeal, County Court thereafter sentenced defendant to a prison term of 3 to 9 years with a recommendation that he be permitted to participate in a six-month shock incarceration program in lieu of the sentence imposed. Defendant successfully completed this program in October 2002 and was released on his own recognizance. Defendant now appeals.

As defendant has failed to move to withdraw his plea or vacate the judgment of conviction, his claim that his plea was not voluntarily, knowingly and intelligently entered is unpreserved for our review (see People v Howard, 1 AD3d 718, 719 [2003]; People v Fulford, 296 AD2d 661, 662 [2002]). In any event, if we were

to consider defendant's argument, we would find that it is belied by the plea minutes, wherein he clearly and unequivocally recited the facts establishing his crime, attested that he was entering the plea entirely of his own free will and acknowledged that he fully understood the rights he was relinquishing as a consequence (*see People v Shaw*, 2 AD3d 974, 974-975 [2003]; *People v Smith*, 301 AD2d 671, 672-673 [2003], *lv denied* 99 NY2d 658 [2003]). Defendant's contention that his plea was the product of coercion and duress because he was told that proceeding to trial or holding out for future plea offers could result in a harsher sentence is unavailing. That defendant may have been apprised of his sentencing exposure cannot be a basis for finding coercion (*see People v McDonnell*, 302 AD2d 619, 619-620 [2003], *lv denied* 100 NY2d 540 [2003]).

Similarly, defendant's totally unsubstantiated assertion made only at sentencing, that he had recently "c[o]me to the conclusion" that his brother had committed one of the drug transactions for which defendant had been convicted, was insufficient to negate the factually sufficient plea that defendant had previously knowingly, voluntarily and intelligently entered (*see People v Chapple*, 269 AD2d 621, 622 [2000], *lv denied* 94 NY2d 917 [2000]; *People v Brown*, 142 AD2d 683 [1988]); nor do we find any merit to defendant's argument that he suffered from a learning disability that prevented him from understanding the ramifications of his plea (*see People v Daley*, 302 AD2d 745, 746 [2003]).

Next, to the extent that defendant has preserved his ineffective assistance of counsel claim, we find it to be meritless. Viewing the record as a whole, we are satisfied that defendant received competent and effective representation under both the federal and state constitutional standards, particularly in light of the extremely favorable plea agreement he received as a result of his counsel's efforts (*People v Collins*, 306 AD2d 695, 696 [2003], *lv denied* 100 NY2d 619 [2003]; *People v Kreydatus*, 305 AD2d 935, 936 [2003], *lv denied* 100 NY2d 595 [2003]; *People v Chevalier*, 226 AD2d 925, 929 [1996], *lv denied* 88 NY2d 934 [1996]). As defendant has waived his right to appeal, his remaining claim that his sentence was harsh and excessive is precluded (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Kalenak*, 2 AD3d 902, 903 [2003]).

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed.