(September 23, 2004)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANNON MORTON, Appellant. [781 NYS2d 796]—

Rose, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered July 6, 2001 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

In connection with a home invasion in the City of Albany in 2000, defendant was charged in a single-count indictment with the crime of burglary in the second degree. In satisfaction of the indictment and an unrelated marihuana possession charge, defendant subsequently entered a plea of guilty to the crime of attempted burglary in the second degree. Defendant was thereafter sentenced, as a second felony offender, to an agreed-upon five-year term of imprisonment, to be served consecutive to a 1- to 3-year term previously imposed as a result of defendant's probation violation. Defendant now appeals, challenging the propriety of Supreme Court's denial of his motion to suppress the victim's pretrial identification and claiming that his sentence was unduly severe.

We affirm. With regard to the victim's pretrial identification of defendant, the evidence adduced at the hearing before Supreme Court established that the victim reported to responding police officers that defendant, whom the victim identified by name and as a cousin whom he had known since childhood, had fled the scene of the crime in a particular vehicle. When a vehi-

cle matching the given description was stopped by police a short distance away, the victim was taken to the scene. As the victim approached the location, he spontaneously identified defendant and his cohort by name and indicated that they were the perpetrators in question. Although defendant and his companion were in police custody and handcuffed at the time of the identification, we nonetheless conclude that, given the victim's prior familiarity with defendant, there is virtually no possibility that suggestion by the police would have led the victim to misidentify defendant as the individual that had invaded his home (*see People v Rodriguez*, 79 NY2d 445, 449-450 [1992]; *People v Colon*, 307 AD2d 378, 379-380 [2003], *lv denied* 100 NY2d 619 [2003]; *People v Graham*, 283 AD2d 885, 886-888 [2001], *lv denied* 96 NY2d 940 [2001]).

Defendant's claim concerning the severity of his bargained-for sentence is precluded by his general, unrestricted waiver of his right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Coleman*, 8 AD3d 825, 826 [2004]).

Cardona, P.J., Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.