■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW R. HALL, Appellant. [791 NYS2d 689]—

Crew III, J.P. Appeal, by permission, from an order of the

County Court of Warren County (Austin, J.), entered July 30, 2003, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal sale of a controlled substance in the fifth degree, after a hearing.

Defendant, a citizen of Jamaica, pleaded guilty to criminal sale of a controlled substance in the fifth degree in satisfaction of an indictment charging him with criminal sale of a controlled substance in the third degree. Pursuant to a negotiated plea agreement, defendant waived his right to appeal and was sentenced to six months in jail. Defendant thereafter moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was denied the effective assistance of counsel. County Court denied the motion, after a hearing, and defendant now appeals with permission from this Court.

Defendant's waiver of his right to appeal precludes him from asserting ineffective assistance of counsel except to the extent that it may have impacted the voluntariness of his plea (*see People v Smith*, 301 AD2d 671, 673 [2003], *lv denied* 99 NY2d 658 [2003]; *People v White*, 300 AD2d 830, 832 [2002], *lv denied* 99 NY2d 633 [2003]; *People v Ferguson*, 192 AD2d 800, 800 [1993], *lv denied* 82 NY2d 717 [1993]). In this regard, defendant claims that counsel failed to advise him that his guilty plea could result in his deportation to Jamaica. Although counsel's affirmative misrepresentations regarding deportation or other consequences of a plea may constitute ineffective assistance under certain circumstances, it is well established that counsel's failure to apprise a defendant of the possibility of deportation—"an act of omission"—does not by itself establish ineffective assistance (*People v McDonald*, 296 AD2d 13, 18 [2002], *affd* 1 NY3d 109 [2003]; *see People v Ford*, 86 NY2d 397, 404-405 [1995]). Accordingly, County Court properly denied defendant's motion.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed.