■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK E. KUKLINSKI, Appellant. [798 NYS2d 164]—

Carpinello, J. Appeals (1) from a judgment of the County Court of Warren County (Austin, J.), rendered July 29, 2003, convicting defendant upon his plea of guilty of the crimes of unlawfully dealing with a child in the first degree and rape in the third degree, and (2) by permission, from an order of said court (Berke, J.), entered February 9, 2004, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In the course of applying for a position with the New York State Police, defendant became the subject of an investigation as to whether he had provided alcohol to and engaged in sexual relations with minors. The record reveals that numerous young girls were interviewed about their relationships with defendant within a few weeks of an April 11, 2003 polygraph examination. Prior to taking the polygraph test, defendant signed a release form acknowledging, among other rights, that he "may remain silent" and that "anything [he] said can be used against [him] in any court of law."

Under the guise of conducting a second interview in conjunction with his job application, a State Police investigator questioned defendant on April 25, 2003, but not before advising him of his *Miranda* rights. Although defendant questioned the need for such rights during a job interview, he nevertheless signed a statement waiving them. According to defendant, he was orally advised by the investigator that nothing he said during that interview could be used against him. The interview culminated in a three-page statement in which defendant again indicated that he was waiving his *Miranda* rights and admitted to having sexual intercourse and providing alcohol to a 15-year-old girl on numerous occasions between the fall of 2001, when he was 21 years old, and the summer of 2002, when he was 22 years old. He also implicated himself in providing alcohol to several other underage girls on various occasions between the fall of 2001 and April 2003.

Following the interview, defendant was arrested and subsequently charged by a superior court information with unlawfully dealing with a child in the first degree and rape in the third degree. Represented by counsel, defendant waived indictment and pleaded guilty as charged in the information. In so doing, he fully allocuted to both crimes and waived his right to appeal. Sentenced to four months in jail and 10 years probation in accordance with the plea bargain, defendant now appeals from the judgment of conviction and from a subsequent order denying his CPL article 440 motion. We affirm.

Defendant's CPL 440.10 motion to vacate the judgment of conviction was properly denied without a hearing. The essence of this motion was defendant's claim that the investigator engaged in improper and prejudicial conduct during the course of his investigation, including luring him into a purported job interview when he was actually conducting a criminal investigation and making false assurances that nothing he said during that interview could be held against him. Clearly, however, defendant was well aware of this ruse when he opted to plead guilty and waived his right to appeal (*see* CPL 440.10 [3] [a]; *People v Berezansky*, 229 AD2d 768, 771 [1996], *lv denied* 89 NY2d 919 [1996]).[1] Here, that waiver will be upheld (*see People v Muniz*, 91 NY2d 570 [1998]) and precludes consideration of

---

1. It is noteworthy that defendant does not challenge the sufficiency of his plea or waiver of the right to appeal. In any event, our review of the record reveals that the plea and waiver of the right to appeal were entered into by defendant knowingly, intelligently and voluntarily (*see e.g. People v Hodge [Smith]*, 4 AD3d 676, 677 [2004], *lvs denied* 2 NY3d 800, 807 [2004]; *People v White*, 300 AD2d 830, 831-832 [2002], *lv denied* 99 NY2d 586 [2003]; *People v Whitehurst*, 291 AD2d 83, 86-87 [2002], *lv denied* 98 NY2d 642 [2002]).

the alleged improper procurement of his confession (*see People v Fernandez*, 67 NY2d 686, 688 [1986]; *People v Whitehurst*, 291 AD2d 83, 87 [2002], *lv denied* 98 NY2d 642 [2002]; *People v Berezansky, supra* at 771; *see generally People v Whitted*, 12 AD3d 840, 841 [2004], *lv denied* 4 NY3d 769 [2005]) and claims of ineffective assistance of counsel (*see People v Hall*, 16 AD3d 848 [2005]).[2]

Defendant also claims that the matter should be dismissed in the interest of justice because "[t]here was no reported injuries or consequences" of his conduct in having sex and providing alcohol to a minor and because his victim's "conjugal habits were in place before she met [him]" and she continues to be sexually active with an older man. Charitably stated, we reject this contention as unpersuasive.

Defendant's remaining arguments, to the extent not specifically discussed, have been reviewed and found to be without merit.

Spain, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment and order are affirmed.

2. Defendant's allegations of ineffectiveness stem from counsel's failure to make pretrial motions and to hire an investigator which would have produced "exculpatory evidence." Defendant does not allege that any ineffective assistance impacted on the voluntariness of his plea, a contention that would survive his waiver of the right to appeal (*see People v Hall, supra* at 848; *People v Stone*, 9 AD3d 498, 498-499 [2004], *lv denied* 3 NY3d 712 [2004]). Indeed, this record reveals no basis upon which defendant may claim that ineffective assistance of counsel rendered his plea involuntary. He expressly stated during his plea colloquy that he was satisfied with his attorney. Moreover, faced with possibility of a grand jury indictment containing, among other charges, multiple counts of rape, he received a very favorable plea bargain.