■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NYRON NICHOLSON, Appellant. [856 NYS2d 290]—

Malone Jr., J. Appeal, by permission, from an order of the County Court of Rensselaer County (McGrath, J.), entered April 9, 2007, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment convicting him of the

crime of attempted criminal sale of a controlled substance in the third degree and to set aside the sentence, without a hearing.

In satisfaction of two indictments charging him with numerous drug-related crimes, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree. Under the terms of the plea agreement, he waived his right to appeal, agreed to be sentenced to 3 to 9 years in prison and signed a written "cooperation" agreement requiring him to assist law enforcement officials in certain investigations. At sentencing, defendant admitted that he did not fulfill the terms of the cooperation agreement and, as result, County Court imposed an enhanced sentence of 4 to 12 years in prison. No direct appeal followed, but defendant eventually brought the present CPL article 440 motion seeking to vacate the judgment of conviction or, alternatively, to set aside the sentence. County Court denied the motion and this Court granted permission to appeal.

Initially, defendant claims that the written cooperation agreement cannot be considered part of the plea agreement because it was not referred to by that name at the plea hearing and that, therefore, the enhancement of his sentence based upon his failure to comply with it was improper. Preliminarily, we note that defendant is not precluded by his waiver of appeal from raising this claim (*see People v Terrell*, 41 AD3d 1044, 1045 [2007]; *People v Hastings*, 24 AD3d 954, 955 [2005]). Nevertheless, we find it to be without merit. Viewed in the context of the plea proceedings, the cooperation agreement was signed by defendant and his counsel the same day that defendant entered his guilty plea and it is clearly the agreement referenced at the plea hearing. The fact that it was not identified as such in open court is understandable given the sensitive nature of the subject matter and the need for confidentiality. Significantly, prior to defendant's entry of his guilty plea, County Court expressly stated that the execution of the written agreement was one of the terms of the plea agreement, and defendant communicated his understanding on the record. County Court informed defendant that if he failed to comply with the terms of the plea agreement, it would not be obligated to impose the promised sentence. In view of the foregoing, we find no error in County Court's imposition of an enhanced sentence based upon defendant's failure to comply with the terms of the plea agreement (*see People v Figgins*, 87 NY2d 840, 841 [1995]; *People v Davis*, 30 AD3d 893, 894-895 [2006], *lv denied* 7 NY3d 847 [2006]).

Defendant further contends that he was deprived of the effec-

tive assistance of counsel. This claim, however, survives defendant's waiver of appeal only to the extent that it impacts the voluntariness of his plea (*see People v Hall*, 16 AD3d 848 [2005], *lv denied* 4 NY3d 887 [2005]; *People v White*, 300 AD2d 830, 832 [2002], *lvs denied* 99 NY2d 586, 633 [2003]). Of the many assertions advanced by defendant in this regard, the only one that arguably does so is his claim that counsel erroneously failed to make a motion to withdraw the plea after the sentence was enhanced based upon a condition that was allegedly not a part of the plea agreement. However, inasmuch as this argument could have been raised on direct appeal, it is not the proper subject of a CPL 440.10 motion (*see* CPL 440.10 [2] [c]; *People v Hickey*, 277 AD2d 511, 511 [2000], *lv denied* 95 NY2d 964 [2000]). In any event, given defendant's admitted failure to comply with the cooperation agreement that was an integral part of the plea agreement, counsel's failure to make a motion to withdraw did not deprive defendant of meaningful representation (*see People v Rose*, 41 AD3d 1033, 1035 [2007], *lv denied* 9 NY3d 926 [2007]; *People v Tyler*, 260 AD2d 796, 798 [1999], *lv denied* 93 NY2d 980 [1999]).

Cardona, P.J., Carpinello, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed.