■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SPERANZA, Appellant. [945 NYS2d 817]—

Mercure, J. Appeal, by permission, from an order of the County Court of Albany County (Herrick, J.), entered September 10, 2010, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of promoting prostitution in the third degree, without a hearing.

Defendant pleaded guilty to an indictment charging him with promoting prostitution in the third degree and waived his right to appeal upon the understanding that County Court would sentence him to time served and five years of probation if he did not violate the plea agreement. That agreement required defendant to avoid new criminal charges and to cooperate with the Probation Department. Thereafter, defendant was less than forthcoming during the presentence investigation and also was charged with aggravated unlicensed operation of a vehicle. County Court therefore declined to impose the agreed-upon sentence and set the matter down for a violation hearing. Defendant admitted to violating the plea agreement, and County Court ultimately imposed a sentence of 1 to 3 years in prison. Defendant now appeals from County Court's denial of his CPL 440.10 motion to vacate the judgment of conviction.

We affirm. Defendant argues that he was deprived of the ef-

fective assistance of counsel due to his attorney's failure to seek dismissal of the indictment on speedy trial grounds (see CPL 440.10 [1] [h]; *People v Condon,* 184 AD2d 879, 880-881 [1992]). An ineffective assistance of counsel claim survives a valid appeal waiver only insofar as it implicates the voluntariness of the guilty plea (see *People v Nicholson,* 50 AD3d 1397, 1398-1399 [2008], *lv denied* 11 NY3d 834 [2008]; *People v Hall,* 16 AD3d 848, 849 [2005], *lv denied* 4 NY3d 887 [2005]). Defendant has made no showing that he had a meritorious claim related to his constitutional speedy trial rights, or that the delay was not attributable to counsel's efforts in negotiating two favorable plea offers for defendant (cf. *People v Garcia,* 33 AD3d 1050, 1052-1053 [2006], *lv denied* 9 NY3d 844 [2007]). Further, he stated during the plea colloquy and at the time of his subsequent admission to violating the plea agreement that he had discussed potential defenses to the charges with counsel and was satisfied with the representation provided to him. Accordingly, inasmuch as defendant's contention does not impact the voluntariness of his guilty plea, it does not survive his appeal waiver.

Defendant's remaining arguments, to the extent they survive his appeal waiver, are unpreserved for our review.

Peters, P.J., Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the order is affirmed.