■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT DEPALMA, Respondent. [952 NYS2d 316]—

Lahtinen, J.

In satisfaction of an 11-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and criminal sale of marihuana in the third degree. As part of the plea agreement, he executed a waiver of his right to appeal. Prior to sentencing, he moved to withdraw his plea, arguing that his counsel failed to accurately advise him regarding the possible sentence he might face if convicted following a trial. County Court denied the motion and defendant was subsequently sentenced to consecutive prison terms of six years and 1¹/₂ years, respectively. He now appeals, and we affirm.

Defendant contends that County Court improperly enhanced his bargained-for sentence by ordering that the two terms of

imprisonment run consecutively rather than concurrently. Although this argument is not precluded by defendant's appeal waiver (*see People v Nicholson*, 50 AD3d 1397, 1398 [2008], *lv denied* 11 NY3d 834 [2008]), it is unpreserved for our review as the record before us indicates that he did not move to withdraw his plea based upon the potential for an enhanced sentence, nor did he object at sentencing or move thereafter to vacate the judgment of conviction (*see People v Haynes*, 14 AD3d 789, 790-791 [2005], *lv denied* 4 NY3d 831 [2005]).

Defendant further argues that his counsel was ineffective in that he failed to explore alternatives to prison or to adequately explain the plea agreement to defendant. To the extent that this argument survives defendant's appeal waiver and is preserved by his motion to withdraw his plea, it is not supported by the record. Defendant's claim that his sentence is excessive is foreclosed by his valid appeal waiver (*see People v Small*, 82 AD3d 1451, 1452 [2011], *lv denied* 17 NY3d 801 [2011]). His remaining contentions have been considered and found to be without merit.

Peters, P.J., Stein, Gary and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.