People v Markwick (2019 NY Slip Op 09183)





People v Markwick


2019 NY Slip Op 09183


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1178 KA 19-00027

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEREMIAH L. MARKWICK, DEFENDANT-APPELLANT. 






PAUL B. WATKINS, FAIRPORT, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered June 8, 2018. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). We affirm.
As defendant asserted in his brief and acknowledged at oral argument, he pleaded guilty before County Court had finally ruled on that part of his omnibus motion that sought to suppress physical evidence purportedly recovered during the execution of a search warrant. Consequently, defendant "forfeited his contention that [such] evidence . . . must be suppressed" (People v McIntosh, 274 AD2d 968, 969 [4th Dept 2000], lv denied 95 NY2d 906 [2000]; see People v Scaccia, 6 AD3d 1105, 1105 [4th Dept 2004], lv denied 3 NY3d 681 [2004]; People v Mojica, 291 AD2d 833, 833 [4th Dept 2002], lv denied 98 NY2d 653 [2002]). Contrary to defendant's further contention, the court properly refused to suppress the statement he made at the police station. The court's determination that defendant "voluntarily waived his Miranda rights prior to making [the challenged] statement[] was based upon the credibility of the witnesses at the suppression hearing and thus is entitled to great deference" (People v Vaughan, 48 AD3d 1069, 1071 [4th Dept 2008], lv denied 10 NY3d 845 [2008], cert denied 555 US 910 [2008]), and the minor inconsistencies in the police testimony at the suppression hearing "concerning the precise time when the warnings were provided do[ ] not undermine the court's [credibility] determination" (People v Williams, 118 AD3d 1429, 1429 [4th Dept 2014], lv denied 24 NY3d 1222 [2015]).
Defendant also argues that he received ineffective assistance of counsel. To the extent that it concerns matters outside the record, defendant must raise that argument in a CPL article 440 motion (see People v Partridge, 173 AD3d 1769, 1771 [4th Dept 2019], lv denied 34 NY3d 935 [2019]). To the extent that defendant's argument concerns matters in the record before us and survives his guilty plea (see generally People v Yates, 173 AD3d 1849, 1850 [4th Dept 2019]), we reject it because he "has not made the required showing that there was no strategic or other legitimate explanation for counsel's failure to [insist on] a Darden hearing . . . , particularly in light of the [suppression] hearing in this case, which explored the identity and reliability of the [police] informant[]" (People v Smith, 301 AD2d 671, 673 [3d Dept 2003], lv denied 99 NY2d 658 [2003]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court