People v Pagan (2021 NY Slip Op 07435)





People v Pagan


2021 NY Slip Op 07435


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, AND BANNISTER, JJ.


1058 KA 18-00407

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HECTOR I. PAGAN, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered March 22, 2017. The judgment convicted defendant, upon a plea of guilty, of criminal sale of a controlled substance in the third degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of three counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that his waiver of the right to appeal is unenforceable. We agree. The waiver of the right to appeal is invalid because, among other reasons, County Court's oral waiver colloquy and the written waiver together mischaracterized the waiver "as an 'absolute bar' to the taking of an appeal" (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020], quoting People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2019]), "as well as a bar to all postconviction relief" (People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]).
Nevertheless, defendant failed to preserve for our review his contention that his plea was "improperly" entered because he provided only "yes" and "no" responses to questions asked of him during the plea colloquy (see People v Turner, 175 AD3d 1783, 1784 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]). In any event, defendant's contention lacks merit (see People v Bennett, 165 AD3d 1624, 1625 [4th Dept 2018]).
Finally, we perceive no basis in the record for us to exercise our power to modify the negotiated sentence as a matter of discretion
in the interest of justice (see CPL 470.15 [6] [b]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court