People v Works (2022 NY Slip Op 07360)

People v Works

2022 NY Slip Op 07360

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

854 KA 19-01870

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMELL WORKS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered November 8, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a guilty plea of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). In appeal No. 2, defendant appeals from a judgment convicting him upon a guilty plea of driving while ability impaired by drugs as a class E felony (Vehicle and Traffic Law §§ 1192 [4]; 1193 [1] [c] [i] [A]). In appeal No. 3, defendant appeals from a judgment convicting him upon a guilty plea of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs as a class E felony (§§ 1192 [4-a]; 1193 [1] [c] [i] [A]). In appeal No. 4, defendant appeals from a judgment convicting him upon a guilty plea of aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a]).
Defendant initially contends in all four appeals that his plea was "improperly" entered because he provided only "yes" and "no" responses to questions asked of him during the plea colloquy. Defendant, however, failed to preserve that contention for our review (see People v Pagan, 200 AD3d 1724, 1725 [4th Dept 2021], lv denied 38 NY3d 953 [2022]; People v Turner, 175 AD3d 1783, 1784 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]). In any event, defendant's contention lacks merit (see Pagan, 200 AD3d at 1725; People v Bennett, 165 AD3d 1624, 1625 [4th Dept 2018]).
Defendant further contends in all four appeals that his constitutional right to a speedy trial was violated. We reject that contention. Preliminarily, we note that, as the People correctly concede, the waiver of defendant's right to a speedy trial under CPL 30.30 that defense counsel signed did not encompass defendant's constitutional speedy trial contention. However, defendant's contention that his constitutional right to a speedy trial was violated is unpreserved for our review because defendant failed to move to dismiss the accusatory instruments on that ground (see People v Chinn, 104 AD3d 1167, 1169 [4th Dept 2013], lv denied 21 NY3d 1014 [2013]; People v Kemp, 270 AD2d 927, 927 [4th Dept 2000], lv denied 95 NY2d 836 [2000]). In any event, defendant's contention lacks merit. Upon our review of the record in light of the relevant factors (see People v Taranovich, 37 NY2d 442, 445 [1975]), we conclude that those factors would have compelled denial of a motion based on defendant's constitutional right to a speedy trial, and we note in particular that "there [was] a complete lack of any evidence that the defense was impaired by reason of the delay" (People v Benjamin, 296 AD2d 666, 667 [3d Dept 2002]; see People v Schillawski, 124 AD3d 1372, 1373 [4th Dept 2015], lv denied 25 NY3d 1207 [2015]).
Defendant further contends in all four appeals that he was denied effective assistance of counsel because defense counsel waived defendant's statutory speedy trial rights and because defense counsel failed to pursue an allegedly meritorious motion on constitutional speedy trial grounds. That contention, however, does not survive defendant's guilty plea inasmuch as defendant does not contend " 'that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance' " (People v Lucieer, 107 AD3d 1611, 1612 [4th Dept 2013]; see People v Brinson, 151 AD3d 1726, 1726 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]; see also People v Speranza, 96 AD3d 1164, 1165 [3d Dept 2012]).
We perceive no basis in the record for us to exercise our power to modify the negotiated sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]). Finally, we have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgments.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court